IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JAN 3 1 2006

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| MEDICAL-LEGAL CONSULTING INSTITUTE, INC. | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. _____ <br> JURY DEMANDED |
| EVANS & ASSOCIATES, LTD. and ANN EVANS, individually | § § § | **H 06 - 0320** |
| Defendants. | § § | |

## ORIGINAL COMPLAINT AND
## APPLICATION FOR PRELIMINARY INJUNCTION

Medical-Legal Consulting Institute, Inc. ("MLCI" or "Plaintiff") files this Original Complaint and Application for Preliminary Injunction ("Complaint") against Evans & Associates, Ltd. ("Evans & Associates"), and Ann Evans ("Evans") (collectively "Defendants") and would respectfully show the Court as follows:

### I.
### PARTIES

1.  Plaintiff Medical-Legal Consulting Institute, Inc. is a Texas corporation with its principal place of business at 5615 Kirby Drive, Suite 425 Houston, Texas 77005.

2.  Defendant Evans & Associates, Ltd. is an Ohio limited partnership. Evans & Associates, Ltd. has its principal place of business at 8282 Mariposa Street, Blacklick, Ohio 43004. Defendant Evans & Associates may be served with process through its registered agent Ann Evans at 526 Sand Broad Ct., Westerville, Ohio 43081.

3.  Defendant Ann Evans is a resident of the State of Ohio and is the President of Evans & Associates, Ltd. Defendant Evans may be served with process at 526 Sand Broad Ct.,

Westerville, Ohio 43081, or her business address 8282 Mariposa Street, Blacklick, Ohio 43004, or wherever she may be found.

## II.
## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action is based on 15 U.S.C. §§ 1051, *et. seq.*, a/k/a the Lanham Act, and Texas statutes and laws on trademarks, unfair competition and dilution.

5. Plaintiff brings this suit based on an actual controversy existing between Plaintiff and Defendants as to the alleged infringement of Plaintiff's federally registered mark, and the acts of Defendants, which constitute unfair competition. Furthermore, this suit is based on Defendants' violations of Texas statutes and laws on trademarks, unfair competition and dilution law.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391 because a substantial portion of the events giving rise to the causes of action described herein occurred, and continue to occur, in Houston, Texas in the Southern District of Texas. Defendants have been doing business in this judicial district at all relevant times by offering for sale and selling Defendants' products and services, which are the subject of this dispute, in the Southern District of Texas.

7. Defendants are subject to personal jurisdiction as this dispute is based upon the transaction of business arising in the Southern District of Texas. Defendant Evans & Associates operates an interactive website with the domain name www.medicalconsultingnetwork.com ("Evans & Associates website"), and offers training and certification in the field of legal nurse

consulting to residents of all fifty states, including, but not limited to, Texas residents. The secure order form for paying with a credit card for Defendants' legal nurse consulting course on the Evans & Associates website has no restrictions based on the location of the customer. The Evans & Associates website has a contest to receive a "free course," and there are no restrictions on residence for entering the contest. Additionally, Defendant Evans & Associates maintains a toll-free number, 1-800-987-7568, and e-mail, evans@medicalconsultingnetwork.com, for potential customers, including the residents of Texas, to contact Defendant Evans & Associates about the services, training, and certification offered by Defendants.

8.    Upon information and belief, many customers of Defendant Evans & Associates came from this jurisdiction, and have registered and paid for training offered by Defendant Evans & Associates over the telephone or internet from the Southern District of Texas. In fact, Plaintiff is aware of at least one instance where an individual called Defendant Evans & Associates toll free number, left messages about registering for the Defendant Evans & Associates training, was called back by Defendant Evans personally, and the customer then registered and paid for the Defendant Evans & Associates' training from the Southern District of Texas. Additionally, Defendant Evans previously contracted with MLCI in Texas for training provided by MLCI to Defendant Evans.

### III.
### FACTUAL BACKGROUND

9.    MLCI is the authoritative resource center for nurses seeking education in the field of legal nurse consulting. Vickie L. Milazzo ("Milazzo"), the founder and president of MLCI, has pioneered the field of legal nurse consulting since 1982. As the authoritative educator in this field, Ms. Milazzo created the first national certification for Certified Legal Nurse Consultants ("CLNCs") in 1994. Nationally known and recognized by both nurses and attorneys, the CLNC

3

Certification is the official certification of the *National Alliance of Certified Legal Nurse Consultants* (the "NACLNC"), the nation's largest association of legal nurse consultants. Due to Ms. Milazzo's fame and name recognition within nursing, MLCI has been doing business in the name of its division, "Vickie Milazzo Institute" ("VMI"), since January 1, 2004. Ms. Milazzo has trained in excess of twenty thousand registered nurses ("RNs") throughout the United States, and certified in excess of thirteen thousand nurses as CLNCs. Through her efforts in this field, Ms. Milazzo has single-handedly created a brand new profession for RNs.

10. MLCI/VMI is the nation's oldest and largest legal nurse consulting training organization and is also a publishing company devoted to legal nurse consulting. MLCI/VMI enjoys substantial recognition and goodwill associated with its president, Vickie L. Milazzo, its publications, certification and other educational programs and offerings.

11. "CLNC" is a federally registered trademark of MLCI (the "Mark"), and a true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 2,409,723 is attached hereto and incorporated herein as Exhibit A. This registration is valid, subsisting, and in full force and effect.

12. The CLNC certification and the CLNC Certification Mark are associated exclusively with MLCI/VMI, as MLCI/VMI has used the Mark in interstate commerce continuously since March of 1994. Although MLCI/VMI allows nurses certified through MLCI/VMI to use the Mark, MLCI/VMI does not license the Mark to unrelated entities or individuals. As a result of MLCI/VMI's extensive marketing, advertising and other business generation efforts to promote the CLNC certification, the Mark has become well known in the Houston metropolitan area, the state of Texas, and throughout the United States as identifying the MLCI/VMI's certification, education programs and other offerings. Customers and potential

customers in these areas have come to identify the Mark as originating with MLCI/VMI. Consequently, MLCI/VMI has developed substantial recognition among the consuming public for its certification courses and other programs associated with the Mark and has acquired and now enjoys a valuable reputation and the significant goodwill associated with the Mark.

13. MLCI/VMI's use of the Mark in the legal nurse consulting training and certification industry has been exclusive and widespread, resulting in substantial recognition and association of the Mark with MLCI/VMI by the consuming public for legal nurse consulting training and certification.

14. Upon information and belief Defendant Evans is president of Defendant Evans & Associates. Defendant Evans is a former student of MLCI/VMI, and attended an MLCI/VMI course that ran from October 21 to October 26, 2002. Defendant Evans took the certification exam and became a certified CLNC. Defendant Evans purchased the MLCI/VMI "Advanced Tool Kit," which contains tapes that may be used for recertification. Defendant Evans then allowed her certification to lapse in November 2004.

15. Upon information and belief, Defendant Evans offered legal nurse consulting after services after becoming a certified legal nurse consultant or CLNC through MLCI/VMI.

16. Upon information and belief, Defendant Evans began offering legal nurse consulting training as Defendant Evans & Associates only after attending the MLCI/VMI course and becoming CLNC certified in 2002.

17. Upon information and belief, Defendants originally chose to use the mark "LNC-C" in connection with training and certification of nurses in the field of legal nurse consulting offered by Defendants in direct competition with a third party who owned a separate and similar trademark. Defendants stopped using the "LNC-C" mark as it was confusingly similar to the

mark that belonged to the third party. Defendants now display a disclaimer of affiliation with that third party on Defendants' website.

18.     Defendants then choose to use the mark "RLNC," which is confusingly similar mark to MLCI/VMI's CLNC Mark, in connection with training and certification of nurses in the field of legal nurse consulting offered by Defendants in direct competition with MLCI/VMI.

19.     Defendants have advertised their course and certification in connection with Defendants' confusingly similar mark on the Internet at the Evans & Associates website.

20.     Upon information and belief, Defendants have marketed their course and certification in connection with Defendants' confusingly similar mark through various media outlets, brochures, advertising materials, stationary, and printed materials.

21.     Upon information and belief, Defendants modeled their course, advertising materials and website including free offerings, certification pin, tote bags, special reports, motivational quotes, photo galleries, music at breaks, review session and course text book title after that of MLCI/VMI, including the MLCI/VMI Mark.

22.     Upon information and belief, MLCI/VMI's customers have been or will be confused by Defendants' use of the Defendants' confusingly similar mark, and such continued use by Defendants of this mark will likely cause and continue to cause confusion to customers and potential customers of MLCI/VMI.

23.     In addition to use by Defendants of the confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting in direct competition with MLCI/VMI, Defendants chose to file for and have attempted to register a certification mark with the United States Patent and Trademark Office on October 21, 2004, for

Defendants' RLNC mark. The certification mark class is listed as "consulting services provided by registered nurses in the legal field."

## IV.
## CAUSES OF ACTION

**A.** **Trademark Infringement and Lanham Act Violations**

24. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

25. Defendants have adopted, attempted to register, and used a certification mark that is confusingly similar to MLCI/VMI's CLNC Certification Mark in connection with training and certification of nurses in the field of legal nurse consulting, which was used by MLCI/VMI long before such adoption by Defendants. Defendants are engaging in a business identical to that of MLCI/VMI and in providing legal nurse consulting training and certification that could damage the MLCI/VMI Mark. Defendants' mark is likely to cause confusion with the MLCI/VMI Mark amongst customers. As a result of the foregoing conduct, Defendants' use of its proposed confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting has caused and is likely to continue to cause confusion, mislead and deceive potential consumers of MLCI/VMI.

26. In adopting and using an infringing mark in connection with training and certification of nurses in the field of legal nurse consulting, Defendants have sought to capitalize on MLCI/VMI's goodwill and image as a leader in the field of legal nurse consulting training and certification. Defendants' adoption of the infringing mark will not only likely mislead, deceive, and confuse the public, but may effectively diminish and destroy the distinctiveness of the MLCI/VMI Mark.

27. Defendants' use of the infringing mark in connection with training and certification of nurses in the field of legal nurse consulting will enable Defendants to receive the benefit of the goodwill built up at a great effort and expense by MLCI/VMI and to gain acceptance for its business. All of this will be accomplished, not on any merits of the training offered by Defendants, but on the reputation and goodwill of MLCI/VMI and its long history and pioneering efforts in the field of legal nurse consulting training and certification.

28. Furthermore, Defendants' use of the infringing mark in connection with training and certification of nurses in the field of legal nurse consulting falsely indicates to the public that Defendants and their training are in some manner affiliated or connected with, sponsored by, or related to MLCI/VMI and its business. The use of the Defendants' mark that is confusingly similar to the MLCI/VMI Mark is trademark infringement pursuant to 15 U.S.C. § 1114.

29. In addition, MLCI/VMI is unable to control the quality of the services and training offered and certified by Defendants under the confusingly similar mark, and such use by Defendants of a confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting places the valuable reputation and goodwill of MLCI/VMI in the hands of Defendants, over whom MLCI/VMI has absolutely no control. Defendants' use of the infringing mark in connection with training and certification of nurses in the field of legal nurse consulting is likely to cause confusion, mistakes and/or deceive potential customers as to the origin, sponsorship or approval of Defendants' services, training and certification, thereby infringing MLCI/VMI's rights in violation of 15 U.S.C. § 1125(a)(1)(A). Further, Defendants are diluting the exclusivity and distinctiveness of the MLCI/VMI Mark in violation of 15 U.S.C. § 1125(c).

30. Defendants are currently offering training and certification of the offending legal nurse consultant course in connection with Defendants' confusingly similar mark and will continue to do so unless enjoined from doing so by this Court. Defendants' continuing use of the confusingly similar mark jeopardizes the goodwill of MLCI/VMI and the value associated with the MLCI/VMI Mark, and such use has caused and is causing irreparable injury to MLCI/VMI and to the relevant consuming public. Unless Defendants' use of the confusingly similar mark complained of herein is enjoined by this Court, Defendants will continue to cause irreparable injury to MLCI/VMI and to the relevant consuming public, for which there is no adequate remedy at law. Consequently, pursuant to 15 U.S.C. § 1116(a), MLCI/VMI is entitled to preliminary injunctive relief to prevent Defendants' continuing and infringing use of the confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting.

31. MLCI/VMI also seeks an accounting of damages.

### B. Common Law Trademark Infringement and Unfair Competition

32. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

33. Defendants' use of the confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas. Defendants' use of the confusingly similar mark as that of MLCI/VMI's CLNC Mark in connection with training and certification of nurses in the field of legal nurse consulting constitutes infringement of MLCI/VMI's common law trademark rights in the MLCI/VMI Mark, as well as unfair competition under Texas law. As a result of the infringement and unfair

competition by Defendants, MLCI/VMI has suffered, and is suffering, injury and damage in an amount yet to be determined.

34. Upon information and belief, the Defendants' infringing actions have resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Defendants' unfair competition and trademark infringement are irreparably injuring MLCI/VMI's goodwill, and therefore MLCI/VMI seeks injunctive relief to prevent this type of injury from continuing. Under the common law of the state of Texas, Plaintiff is entitled to preliminary injunctive relief to prevent Defendants' continuing unfair competition and trademark infringement.

35. MLCI/VMI also seeks an accounting of damages.

### C. Texas Antidilution Act

36. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

37. The facts set out above demonstrate that Defendants are diluting the exclusivity and distinction of the CLNC Certification Mark in violation of the Texas Anti-Dilution Act. Defendants' use of a confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting constitutes a dilution of MLCI/VMI's Mark and injures MLCI/VMI's business reputation, in violation of Tex. Bus. & Com. Code § 16.29.

38. As a result of the dilution by Defendants, MLCI/VMI has suffered, and is suffering irreparable injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendants have resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Accordingly, MLCI/VMI seeks injunctive relief to prevent this type of injury from continuing.

39. MLCI/VMI also seeks an accounting of damages.

**D. Application for Preliminary Injunction**

40. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

41. The facts set out above establish that Defendants' use of a confusingly similar mark in connection with training and certification of nurses in the field of legal nurse consulting and the continued offering of such services and training are causing irreparable injury to MLCI/VMI. Moreover, it is abundantly clear that: (1) MLCI/VMI is likely to succeed on the merits of its claims; (2) MLCI/VMI will suffer irreparable harm unless Defendants are enjoined from further use of the MLCI/VMI Mark; (3) the balance of hardships favors enjoining Defendants' further use of the MLCI/VMI Mark, or other marks confusingly similar to the MLCI/VMI Mark; (4) granting such an injunction will not disserve the public interest.

42. Accordingly, pursuant to Rule 65(a), MLCI/VMI is entitled to, and hereby requests, a Preliminary Injunction until the time of trial prohibiting the further use of Defendants' mark that is confusingly similar to the MLCI/VMI Mark, infringement, unfair competition, or dilution of the MLCI/VMI Mark by Defendants.

## V.
## CONCLUSION AND PRAYER

43. WHEREFORE, following a hearing on the Application for Preliminary Injunction, Plaintiff requests that the Court issue a preliminary injunction prohibiting Defendants from using, or selling, or offering any services, training, or certification under the MLCI/VMI Mark, or any marks confusingly similar to the MLCI/VMI Mark, until after a trial or other final hearing on the merits. Plaintiff further requests that after a trial or other final hearing on the merits, the Court:

(a) issue a permanent injunction prohibiting Defendants from using or seeking trademark protection for Defendants' confusingly similar mark;

(b) issue a permanent injunction prohibiting Defendants from infringing MLCI/VMI's CLNC Certification Mark;

(c) issue an order requiring Defendants to (i) destroy all products, literature, advertising material, product packaging, stationery, and other printed materials that infringe upon MLCI/VMI's CLNC Certification Mark, and (ii) file with the Court and serve on MLCI/VMI, within thirty (30) days after entry of a permanent injunction, a written report verified under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order requested above;

(d) enter judgment for MLCI/VMI for recovery of and from Defendants the actual, consequential, incidental, special, and enhanced damages requested in this Complaint including a disgorgement of all profits made by Defendants as a result of its wrongful acts and a recovery of all sums by which Defendants have been unjustly enriched, together with pre-judgment interest on such damages at the maximum allowable rate, and post-judgment interest on all amounts awarded until paid; and

(e) enter judgment that MLCI/VMI be awarded from Defendants its costs and attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117.

MLCI further requests such additional relief to which it may show itself justly entitled.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby requests a trial by jury on all counts.

DATED: January 31, 2006.

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

        By: _____
           Glenn A. Ballard, Jr., attorney-in-charge
           State Bar No. 01650200
           Federal I.D. No. 0825
           John F. Luman III
           Texas State Bar No. 00794199
           Federal I.D. No. 19469
           Christopher A. Shield
           Texas State Bar No. 24046833
           Federal I.D. No. 581968

        South Tower Pennzoil Place
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        (713) 223-2300 (Telephone)
        (713) 221-1212 (Telecopier)

        ATTORNEYS FOR
        MEDICAL-LEGAL CONSULTING
        INSTITUTE, INC.

# CIVIL COVER SHEET
The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Medical-Legal Consulting Institute, Inc.

## DEFENDANTS
Evans & Associates, Ltd and Ann Evans

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Glenn A. Ballard, Jr and John F. Luman III
Bracewell & Patterson, L.L.P.
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300/(713) 221-1212 - Fax

ATTORNEYS (IF KNOWN)

H 06 -05...
H 06 -0320

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 3 1 2006
MICHAEL N. MILBY, CLERK OF COURT

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question (U S Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §§ 1051, et Seq., a/k/a the Lnaham Act, and Texas statutes and laws on trademarks, unfair competition and dilution.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 1/31/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____